UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| ALPS PROPERTY & CASUALTY INSURANCE COMPANY <br>        Plaintiff <br><br> v. <br><br> ROBERT B. GOODALL; <br> GOODALL PELT CARPER & NORTON, P.C.; <br> AND MICHAEL MIRZADA <br>        Defendants | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

ALPS Property & Casualty Insurance Company ("ALPS") brings this diversity suit for declaratory relief, pursuant to 28 U.S.C. §§ 2201(a) and 2202, and Fed. R. Civ. P. 57, concerning the applicability of a policy of lawyers' professional-liability insurance, as described further below, to a claim arising from the defendant lawyer and firm's work on behalf of defendant Michael Mirzada. ALPS is presently providing, subject to a reservation of rights, for the defense of the lawyer and firm in a legal-malpractice lawsuit pending in Virginia state court. ALPS here seeks a declaration that there is no coverage for the matter, and therefore that ALPS no longer has any duty to provide for the defense, nor any duty to offer indemnity in the event of an adverse judgment or settlement.

### Parties

1. Plaintiff ALPS is an insurance company organized as a Montana corporation, with a principal place of business in Missoula, Montana. ALPS is authorized

*ALPS Property & Casualty Insurance Co. v. Goodall*
Complaint for Declaratory Relief
Page 2 of 9

by the Commonwealth of Virginia to offer professional-liability insurance to Virginia lawyers.

2. Defendant Robert B. Goodall is an individual lawyer and member of the Virginia bar. Upon information and belief, Attorney Goodall is a member of, and is employed by, the law firm Goodall & Carper, PLLC, 1259 Courthouse Road, Suite 101, Stafford, Virginia, and is a resident of Stafford County, Virginia.

3. Defendant Goodall Pelt Carper & Norton, P.C. is, upon information and belief, a former law firm and inactive Virginia professional corporation, which did business at 1259 Courthouse Road, Suite 101, Stafford, Virginia.

4. Defendant Michael Mirzada is an individual who, upon information and belief, resides in Manassas Park, Virginia.

## Jurisdiction and Venue

5. This Court has diversity subject-matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(c). The action is between citizens of different states: the plaintiff is a citizen of Montana, and the defendants are citizens of Virginia. The amount in controversy exceeds the sum or value of $75,000: in the underlying case, the plaintiff seeks to recover damages he claims are over $6.1 million.

6. This Court has personal jurisdiction over the defendants, because they are residents of Virginia, and because this matter arises from legal services provided by Attorney Goodall to defendant Mirzada in Virginia, and involves a policy of professional-liability insurance issued in Virginia.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and Local Rule 3, because all of the defendants reside in this District and Division, and (b)(2), because a substantial part of the events giving rise to the claim occurred in this District and Division.

8. There is an actual case or controversy between the parties as to whether the professional-liability insurance policy at issue may provide coverage for the underlying claim. The matter is ripe for adjudication.

### Attorney Goodall's Representation of Mr. Mirzada

9. Michael Mirzada is the plaintiff, and Robert Goodall and Goodall Pelt Carper & Norton are defendants, in a lawsuit presently pending in Stafford County, Virginia Circuit Court, Case No. CL20000680-00 ("the Malpractice Lawsuit"). A copy of the Amended Complaint in the Malpractice Lawsuit is attached hereto as Exhibit A.

10. The Malpractice Lawsuit arises out of Attorney Goodall's representation of Mr. Mirzada, beginning in late 2007, with respect to his business dealings with Farzad and Tobah Farzayee, which included operation of two companies, Level 3 and Financial One.

11. In November 2007, Attorney Goodall filed a lawsuit on behalf of Mr. Mirzada against the Farzayees in Stafford County, Virginia Circuit Court, alleging that they had committed fraud against Level 3 and Mr. Mirzada himself.

12. In February 2008, Attorney Goodall filed a second lawsuit on behalf of Mr. Mirzada, also in Stafford County Circuit Court, in which he sought judicial dissolution of the other company, Financial One.

13. In July 2010, in the Financial One lawsuit, the Stafford County court appointed a receiver for the company. Among the court's specific instructions was a directive that the Receiver "investigate, and pursue in [his] discretion, claims of fraud or other wrongdoings" against the Farzayees.

14. Two years later, in July 2013, the Receiver filed with the court a document he titled "Motion," in which based on his investigation, he "move[d] for the entry of judgment on behalf of [Financial One] against" the Farzayees for "embezzlement," "conversion," and "breach of fiduciary duty." Upon information and belief, the court never acted on that motion.

15. Two years after that, in September 2015, the Receiver filed with the court a report in which the Receiver referred to his having previously "filed and requested the court to permit [him] to proceed with certain litigation which would recover assets diverted from Financial One." But the Receiver also expressed the opinion that "settlement" between Mr. Mirzada and the Farzayees would be "greatly preferable to litigation," given the prohibitive forensic-accounting analysis needed to establish and quantify the alleged misconduct.

16. Another seventeen months passed, in which, among other things, the Farzayees filed for Chapter 13 bankruptcy. In the bankruptcy proceeding, Attorney Goodall presented evidence supporting the Financial One claims against the Farzayees. In February 2017, after the conclusion of the bankruptcy proceeding, Attorney Goodall attached the same evidence to a motion filed on behalf of Mr. Mirzada with the Stafford County court, seeking leave that Mr. Mirzada and/or the Receiver be allowed to "file

*ALPS Property & Casualty Insurance Co. v. Goodall*
Complaint for Declaratory Relief
Page 5 of 9

amended claims/motions for judgment" against the Farzayees to "conform" to what was presented to the bankruptcy court. The Stafford County court allowed the motion in an April 2017 order.

17. In July 2017, Attorney Goodall filed on behalf of Mr. Mirzada an amended complaint which asserted claims for Financial One against the Farzayees.

18. Shortly thereafter, the Farzayees retained new counsel. In September 2017, the new lawyer filed a motion seeking dismissal of the Financial One claims in the July amended complaint. The motion argued that any cause of action arising from the Farzayees' alleged Financial One wrongdoing had accrued no later than December 2005—more than eleven years earlier—and that the applicable five-year statute of limitation had therefore expired no later than January 1, 2011.

19. A hearing was held on the motion to dismiss in January 2018. Shortly before the hearing date, the Receiver filed a motion to withdraw from the case.

20. At the hearing, the Stafford County court agreed that any Financial One claims against the Farzayees were now time-barred. The ruling was reflected in a written order of the court entered on March 5, 2018.

## **The Malpractice Lawsuit**

21. In the Malpractice Lawsuit, Mr. Mirzada contends that Attorney Goodall erred in failing to timely assert Financial One's claims against the Farzayees for fraud and other wrongs.

22. Mr. Mirzada alleges that prior to filing the second of the two Stafford County actions in February 2008 ("the Financial One Suit"), Attorney Goodall "was in

*ALPS Property & Casualty Insurance Co. v. Goodall*
Complaint for Declaratory Relief
Page 6 of 9

possession of information" supporting claims by Financial One against the Farzayees, but failed to assert the claims. (Exhibit A, ¶ 32.)

23. Mr. Mirzada alleges that in August 2008, approximately six months after the filing of the Financial One Suit, Attorney Goodall filed an amended complaint, but did so without having properly obtained leave of the court fully authorizing the proper amendment. Mr. Mirzada thus claims that Attorney Goodall's handling of the matter as early as August 2008 fell below the applicable standard of care. (Exhibit A, ¶¶ 35-37.)

24. Mr. Mirzada also points to Attorney Goodall's filing of the July 2017 amended complaint, as described in paragraph 17 above, which prompted the subsequent motion to dismiss by the Farzayees—a motion that was allowed by the Stafford County court in the March 2018 written order, holding as Mr. Mirzada alleges, "that the claims made against the Farzayees... were time-barred in the Financial One Action." (Exhibit A, ¶¶ 38-40.)

25. Mr. Mirzada alleges that in the March 2018 order, the Stafford County court cited Attorney Goodall's failure, in August 2008, to properly obtain leave of the court to make the necessary amendments to add the missing claims to the Financial One complaint. (Exhibit A, ¶ 41.)

26. Thus, Mr. Mirzada claims, Attorney Goodall "failed to timely add" the claims against the Farzayees in the Financial One Suit, and thereby to "preserve Mr. Mirzada's interests" as to those claims. (Exhibit A, ¶¶ 42-45.)

27. On the basis of these allegations, Mr. Mirzada asserts a claim against Attorney Goodall for legal malpractice, and seeks to hold Goodall Pelt Carper & Norton

*ALPS Property & Casualty Insurance Co. v. Goodall*
Complaint for Declaratory Relief
Page 7 of 9

(and/or a predecessor or successor incarnation of the firm) vicariously liable for the malpractice. (Exhibit A, Counts I and II.)

## The ALPS Policy

28. ALPS issued a policy of lawyers' professional-liability insurance to Goodall Pelt Carper & Norton, P.C. (Policy No. ALPS2230-1, "the ALPS Policy") for a one-year period from November 1, 2018 to November 1, 2019. A true and accurate copy of the ALPS Policy is attached hereto as Exhibit B.

29. The ALPS Policy provides that the company will "pay on behalf of the insured all sums... that the insured becomes legally obligated to pay as damages, arising from a claim first made against the insured and first reported to the company during the policy period, provided that all of the following conditions are satisfied."

30. Among the required conditions for coverage under the ALPS Policy are (a) that the claim for which coverage is sought must arise from a "wrongful act" within the definition of that term in the Policy; and (b) that "at the effective date of" the Policy (here, November 1, 2018), "no insured knew or reasonably should have known or foreseen that the wrongful act might be the basis of a claim."

31. The alleged "wrongful act" of Attorney Goodall on which Mr. Mirzada's claim in the Malpractice Lawsuit is based is Attorney Goodall's alleged failure to timely assert, in the Financial One Suit, all of the available claims against the Farzayees—including the claims asserted in the July 2017 amended complaint—resulting in the Stafford County court's March 2018 ruling that the claims were time-barred.

*ALPS Property & Casualty Insurance Co. v. Goodall*
Complaint for Declaratory Relief
Page 8 of 9

32. On or before November 1, 2018, Attorney Goodall knew or reasonably should have known or foreseen that his handling of the assertion of claims against the Farzayees in the Financial One Suit might be the basis of a malpractice claim against him by Mr. Mirzada. The possibility of such a malpractice claim was signaled by, *inter alia*, the September 2017 motion by the Farzayees to dismiss the additional claims as barred by the statute of limitations, and the Stafford County court's granting of the motion at the January 2018 hearing, confirmed in the court's March 2018 order.

33. Because Attorney Goodall knew, or reasonably should have known or foreseen, on or prior to the effective date of the ALPS Policy, that the alleged wrongful act which is now the basis of the Malpractice Lawsuit might be the basis of a claim, the ALPS Policy does not provide coverage for the Malpractice Lawsuit. ALPS therefore has no duty to defend Attorney Goodall or Goodall Pelt Carper & Norton, P.C. (or any other named defendant) in the Malpractice Lawsuit, and no duty to provide indemnity in the event of an adverse judgment or settlement.

## Claim for Declaratory Judgment

34. ALPS is entitled to a declaratory judgment establishing, as set forth below, that there is no coverage under the ALPS Policy for the Malpractice Lawsuit, and that ALPS has no duty to provide a defense or indemnity in that matter.

*ALPS Property & Casualty Insurance Co. v. Goodall*
Complaint for Declaratory Relief
Page 9 of 9

## Request for Relief

Therefore, ALPS hereby requests that this Court enter judgment in favor of ALPS declaring:

(a) That there is no coverage, or potential coverage, under the ALPS Policy, for the matters asserted in the Malpractice Lawsuit;

(b) That ALPS has no further duty to provide a defense to Attorney Goodall, or Goodall Pelt Carper & Norton, or any other defendant, in the Malpractice Lawsuit; and

(c) That ALPS would have no duty, in the event of an adverse judgment or settlement in the Malpractice Lawsuit, to provide indemnity.

January 13, 2022

ALPS PROPERTY & CASUALTY INSURANCE COMPANY
By Its Attorney

*/s/ Timothy C. Benjamin*
William L. Boesch (*pro hac vice* pending)
boesch@sugarmanrogers.com
Timothy C. Benjamin, Bar No. 93389
benjamin@sugarmanrogers.com
SUGARMAN ROGERS BARSHAK & COHEN, P.C.
101 Merrimac Street
Boston, MA 02114
617-227-3030